**Will SISEMORE, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**DOLGENCORP, LLC, (d/b/a Dollar General Corporation), Defendant.**

**Case No. 15–CV–724–GKF–TLW**

United States District Court, N.D. Oklahoma.

Signed 05/11/2016

Allan Kanner, Conlee Schell Whiteley, Cynthia St. Amant, Kanner & Whiteley LLC, New Orleans, LA, Wilfred K. Wright, Jr., Wright Law, Claremore, OK, for Plaintiff.

Joel Steven Allen, McGuireWoods LLP, Dallas, TX, Richard Trent Taylor, McGuire Woods LLP, Richmond, VA, for Defendant.

## ORDER

GREGORY K. FRIZZELL, CHIEF JUDGE, UNITED STATES DISTRICT COURT

Before the court is the Motion to Dismiss of defendant Dolgencorp, LLC ("Dollar General") [Dkt. # 12]. Plaintiff Will Sisemore, individually and on behalf of all others similarly situated ("Sisemore"), asserts claims for violation of the Oklahoma Consumer Protection Act ("OCPA"), breach of an implied warranty of merchantability, breach of an implied warranty of fitness for a particular purpose, and unjust enrichment against Dollar General. [Dkt. # 2]. Sisemore alleges the labeling and placement of Dollar General's three store-brand motor oils give customers the false impression that those oils are intended for use with modern engines, when in fact, they are recommended for use only with engines manufactured prior to 1988 for two oils, and 1930 for the third.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the plaintiff has stated

a claim upon which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556, 127 S.Ct. 1955. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955 (quotations omitted). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

## I. *Oklahoma Consumer Protection Act*

██ Dollar General argues Sisemore's OCPA claim must be dismissed because the conduct alleged in the Complaint is protected by a statutory safe harbor, Okla. Stat. tit. 15, § 754(2). The safe harbor states the OCPA does not apply to, *inter alia*, "[a]ctions or transactions regulated under laws administered by ... any ... regulatory body or officer acting under statutory authority of this state or the United States ...." § 754(2). The State Board of Agriculture has adopted a set of standards governing, *inter alia*, the labeling of obsolete motor oil products. *See* Okla. Stat. tit. 2, § 14–35; Okla. Admin. Code 35:10–13–1. Sisemore argues that, because these standards were originally composed by the National Conference on Weights and Measures, they apply narrowly to practices involving weights and measures and, thus, do not apply to Dollar General's allegedly deficient labeling. Sisemore's argument is not persuasive. The standards adopted clearly apply to the labeling that should accompany obsolete motor oils. [*See* Dkt. # 12–2, pp. 41–42 ("**2.33.1.3.2. Inactive or Obsolete Service Categories.**—The label on any vehicle engine (motor) oil container ... shall bear a plainly visible cautionary statement in compliance with [industry standards set by SAE International] whenever the vehicle engine (motor) oil in the container [is obsolete under those standards]." (emphasis in original)) ]. Thus, § 754's safe harbor prevents Sisemore's OCPA claims based on the labeling of Dollar General's motor oils.

██ However, the Complaint also alleges Dollar General's placement of the motor oils on its shelves next to non-obsolete motor oils is deceptive and violates the OCPA. [Dkt. # 2, p. 17]. The OCPA safe harbor "does not apply when a defendant's conduct is governed in some respects by a state or federal agency, but the specific conduct at issue is not within the scope of the agency's authority." *Salmon v. CRST Expedited, Inc.*, 2015 WL 1395237, *6 (citing *Conatzer v. Am. Mercury Ins. Co., Inc.*, 15 P.3d 1252, 1255 (Okla. Civ. App. 2000)). The regulatory regime Dollar General invokes in its Motion to Dismiss does not apply to product placement, as opposed to product labeling. Thus, § 754's safe harbor does not prevent Sisemore's OCPA claim based on the alleged placement of Dollar General's obsolete motor oils next to more modern motor oils on shelves in Dollar General's stores.

██ Dollar General also argues Sisemore's OCPA claim should be dismissed because he has not alleged he suffered actual damages, as required under the OCPA, but rather asserts only that he purchased one of Dollar General's motor oils. In order to be an "aggrieved consumer" who can maintain a private right of

action under the OCPA, the plaintiff must establish actual damages, which requires more than simply purchasing a product whose labeling violates the OCPA. *See Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000). Consequently, "a person may not bring an action as an aggrieved consumer under [the OCPA] solely as a result of his or her payment of the purchase price for that product." *Id.*; *see also Parks v. AT&T Mobility, LLC*, 2012 WL 4382194, \*\*10–11 (W.D. Okla. 2012); *Harrison v. Leviton Mfg. Co., Inc.*, 2006 WL 2990524, \*4 (N.D. Okla. 2006). Sisemore alleges other purchasers of Dollar General's motor oils may have suffered additional harm, but alleges no additional harm he suffered personally. In response to Dollar General's motion to dismiss, Sisemore argues only that he "suffered an injury in fact in that he purchased a worthless product." [Dkt. # 17, p. 11]. This is not enough to qualify Sisemore as an "aggrieved consumer" under the OCPA, and his OCPA claim must be dismissed. Because the court concludes Sisemore's OCPA claim must be dismissed on these grounds, the court need not consider Dollar General's argument that Sisemore's OCPA claim should also be dismissed because the Complaint fails to identify a cognizable unfair or deceptive act or practice.

### II. Breach of Implied Warranty of Merchantability

Dollar General argues Sisemore's claim for breach of an implied warranty of merchantability should be dismissed. Under Okla. Stat. tit. 12A, § 2–314, to be considered "merchantable," goods "must be at least such as"

(a) pass without objection in the trade under the contract description; and

(b) in the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purposes for which such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmations of fact made on the container or label if any.

Dollar General argues its motor oils are "fit for the ordinary purposes for which" they are used, *i.e.*, lubricating engines manufactured before 1988 or 1930, as required by subsection (c) of the statute. Dollar General also argues its motor oils "conform to the promises or affirmations of fact made on the container or label" under subsection (f) because the labels identify the service category and engines in which the oils may be used. However, the requirements listed in § 2–314, listed conjunctively, must all be satisfied in order for goods to be merchantable. In the Complaint, Sisemore alleges Dollar General breached the implied warranty of merchantability "by labeling/packaging and other means ...." [Dkt. # 2, p. 19]. In response to the Motion to Dismiss, Sisemore argues the Complaint was intended to invoke subsection (e)'s requirement that the goods be "adequately ... labeled ...." [Dkt. # 17, p. 23]. Thus, even if Dollar General's motor oils satisfy the requirements of subsections (c) and (f), Sisemore could nevertheless state a claim for relief if the motor oils did not satisfy subsection (e)'s requirements. In reply, Dollar General makes no arguments as to the applicability of subsection (e).

Dollar General makes two arguments that apply to all claims for breach of an implied warranty of merchantability, without regard to which of § 2–314's subsections is at issue. First, Dollar General argues that—under § 2–316(3)(b)—there can

be no implied warranty when a buyer, "before entering into the contract[,] has examined the goods or the sample or model as fully as he desired or has refused to examine the goods ...." Thus, there are two instances in which this provision applies, when a buyer has examined the goods and when he has refused to do so. As to the latter, "it is not sufficient that the goods [be] available for inspection." § 2–316, UCC Comment 8. Rather, there must "be a demand by the seller that the buyer examine the goods fully." *Id.* Dollar General does not argue it made any such demand. Sisemore argues the application of the other possibility in § 2–316(3)(b)— whether he examined the goods—raises a factual question. Indeed, the UCC Comments instruct the court to examine whether the buyer's examination reasonably should have revealed the defect complained of. *See* UCC Comment 8. Because Sisemore alleges his examination of the motor oil was rendered ineffective by the allegedly misleading nature of the product labeling and product positioning, it is not clear—as a matter of law—that § 2–316(3)(b) applies.

■ Second, Dollar General argues the Complaint fails to allege Sisemore provided notice of the alleged defect in the motor oil "within a reasonable time," as required under Okla. Stat. tit. 12A, § 2–607(3)(a). In response, Sisemore argues he provided notice by filing this lawsuit, and again in a letter to Dollar General sent shortly thereafter. In reply, Dollar General argues Sisemore's arguments do not cure the deficiency in the Complaint, which contains no allegations that Sisemore provided the required notice. Dollar General does not cite—nor is the court aware of—any authority requiring a plaintiff to *allege* no-

tice was provided under § 2–607(3)(a). Furthermore, as this court has previously observed, the notice requirement "should be viewed under a more relaxed standard" when applied to retail customers, and can be satisfied by the filing of a lawsuit within the statute of limitations. *Buzadzhi v. Bexco Enter., Inc.*, 2011 WL 43086, **1, 3 (N.D. Okla. 2011) (citing cases). Dollar General has not met its burden in establishing that § 2–607's notice requirement precludes Sisemore's claim for breach of an implied warranty of merchantability as a matter of law.

### III. Breach of Implied Warranty of Fitness for a Particular Purpose

■ Dollar General argues [1] Sisemore's claim for breach of an implied warrant of fitness for a particular purpose should be dismissed because the Complaint does not adequately allege facts establishing that Dollar General knew the particular purpose for which Sisemore intended to use the motor oil—*i.e.*, in a modern engine manufactured after 1988 and 1930, the dates identified in the service category warnings applicable to Dollar General's motor oils. In the Complaint, Sisemore alleges, *inter alia*, Dollar General "knew or should have known that its customers are being deceived by its marketing strategy based on the quantity of its obsolete DG motor oil sold compared to the limited number of automobiles for which these oils are appropriate." [Dkt. # 2, p. 11]. This is a factual allegation that, if true, makes Sisemore's claim that Dollar General knew customers like Sisemore intended to use its motor oils in engines manufactured after 1988 and 1930 plausible—*see Twombly*, 550 U.S. at 556, 127 S.Ct. 1955—and is not, as Dollar General argues, "a mere conclu-

1. Dollar General claims its arguments regarding § 2–316(3)(b) and § 2–607(3)(a) and Sisemore's claim for breach of an implied warranty of merchantability apply equally to his claim for breach of an implied warranty of fitness for a particular purpose. For the reasons given above, the court rejects these arguments in this setting as well.

sory recitation of the legal elements . . . ." [*See* Dkt. # 12, p. 30].

Dollar General also argues that if there were a warranty of fitness for a particular purpose implied for its motor oils, it would only be for the particular purpose of use in engines manufactured prior to 1988 or 1930, because that use is "clearly stated on [the] labels." [Dkt. # 12, p. 30]. However, Sisemore alleges Dollar General's labeling and product placement was misleading and implied—in spite of the cautionary language on the back label—that Dollar General's motor oils could be used in engines manufactured after 1988 and 1930. Such allegations are sufficient to survive scrutiny on a motion to dismiss. Dollar General has not demonstrated that Sisemore has failed to state a claim for breach of an implied warranty of fitness for a particular purpose.

### IV. Unjust Enrichment

■ Dollar General argues—and Sisemore does not dispute—that quasi-contractual claims such as unjust enrichment are not viable when an enforceable contract governs the parties' relationship. Dollar General further argues "the [alleged] sale of a product is a contract between" Sisemore and Dollar General, and thus Sisemore may not bring a claim for unjust enrichment. In response, Sisemore argues he should be allowed to pursue alternative theories in the Complaint, and reminds the court that it must, at this stage, take all his factual allegations to be true. [Dkt. # 17, pp. 26–27]. The court notes that the parties agree that Sisemore has alleged he and Dollar General have a contractual relationship arising from Sisemore's alleged purchase of Dollar General motor oil. Sisemore is correct that a plaintiff may pursue inconsistent theories in a complaint, but Sisemore alleges no facts supporting his alternative theory that he had a quasi-contractual relationship with Dollar General. Sisemore's contract claims provide him with an adequate remedy at law, and the court declines to exercise equity jurisdiction over his unjust enrichment claim. *See City of Page, Coconino Cty., Ariz. v. Utah Associated Mun. Power Sys.*, 2006 WL 1889882, *3 (D. Utah 2006).

### V. Standing

■ Finally, Dollar General argues Sisemore does not have standing to bring any of his claims because he has not alleged which of Dollar General's three motor oils he purchased. Sisemore alleges all three motor oils are obsolete and that he purchased one of them believing it was not obsolete. This alleged injury is an adequate basis for standing. Dollar General's other standing arguments relate to the propriety of Sisemore representing a class of similarly situated plaintiffs, and are repeated in Dollar General's separate Motion to Strike the Class Allegations Contained in Plaintiff's Complaint. [Dkt. # 13, pp. 24–25]. For present purposes it is enough that Sisemore has established standing for himself.

WHEREFORE, Dollar General's Motion to Dismiss [Dkt. # 12] is granted in part and denied in part. The motion is granted as to Sisemore's OCPA and unjust enrichment claims, and is denied as to Sisemore's claims for breach of implied warranties of merchantability and fitness for a particular purpose.

IT IS SO ORDERED this 11th day of May, 2016.